UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHARON ELISE HANNAHS,**

    **Plaintiff,**

    v.                                              **Civil Action 2:20-cv-5776**
                                                               **Judge James L. Graham**
**COMMISSIONER OF SOCIAL**                 **Magistrate Judge Chelsey M. Vascura**
**SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Sharon Elise Hannahs ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance benefits. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 15), the Commissioner's Memorandum in Opposition (ECF No. 17), and the administrative record (ECF No. 14). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

        **I.**        **BACKGROUND**

Plaintiff filed her application for Title II Disability Insurance Benefits on December 16, 2017, alleging, after amendment, that she became disabled effective July 1, 2016. (R. 172–75.) On November 26, 2019, following administrative denials of Plaintiff's applications initially and on reconsideration, a video hearing was held before Administrative Law Judge Regina Carpenter (the "ALJ"). (*Id.* 33–73.) Plaintiff, represented by counsel, appeared and testified. Vocational expert Timothy Mahler (the "VE") also appeared and testified at the hearing. On February 26,

2020, the ALJ issued a decision denying benefits. (*Id.* at 15–25.) On September 11, 2020, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. 1–3.) Plaintiff then timely commenced the instant action. (ECF No. 1.)

In her Statement of Errors (ECF No. 15), Plaintiff asserts a single contention of error: the ALJ's residual functional capacity ("RFC"), in which the ALJ determined Plaintiff could perform "sedentary" work as defined in 20 C.F.R. § 404.1567 with additional restrictions, is inconsistent with the regulations' requirement that Plaintiff be able to sustain work activities on a "regular and continuing basis" under 20 C.F.R. § 404.1545(a) and SSR 96-8p. (*Id.* at 4–5.)

## II.   THE ALJ'S DECISION

On February 26, 2020, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 15–25.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

since her alleged disability onset date of July 1, 2016. (*Id.* at 17.) At step two, the ALJ found that Plaintiff has the severe impairments of degenerative joint disease of the bilateral knees, status-post bilateral knee replacement; obesity, status-post surgery; obstructive sleep apnea; and diabetes mellitus. (*Id.*) She further found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 19–20.)

At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC")[2] as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with additional limitations. The claimant can stand for 1 to 2 minutes at a time for a total of 1 hour per day. The claimant can walk for 1 to 2 minutes at a time for a total of 30 minutes per day. The claimant must use a cane when walking. The claimant can do no crawling, crouching, or climbing. The claimant can do no more than occasional balancing, kneeling, or stooping. The claimant can have no concentrated exposure to vibration and no exposure to hazards, such as dangerous moving machinery or unprotected heights.

(*Id.* at 20.)

At step five of the sequential process, relying on the VE's testimony, the ALJ found that Plaintiff could not perform past relevant work as a nurse assistant, but that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 23–24.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.* at 24–25.)

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

### III.  STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

4

## IV. ANALYSIS

Plaintiff captions her sole contention of error as follows: "The ALJ's finding at step five is not supported by substantial evidence because the ALJ failed to clearly explain Hannahs' RFC on a function-by-function basis." (Pl.'s Statement of Errors 4, ECF No. 15.) However, it appears her actual argument is that the ALJ's RFC would limit Plaintiff to working only 7.5 hours in a day, and that in order to be found non-disabled, she must be able to work 8 hours a day, five days a week (or an equivalent work schedule); therefore, according to Plaintiff, the RFC assessed by the ALJ mandates a finding that Plaintiff is disabled. (*See id.* 4–5.) To arrive at this conclusion, Plaintiff asserts that "sedentary" work as defined by 20 C.F.R. § 404.1567(a) and SSE 83-10 requires a *maximum* of six hours total of sitting per day; thus, when combined with the walking and standing restrictions in the RFC, which limit Plaintiff to at most 1.5 hours of walking or standing per day, the ALJ's RFC would permit Plaintiff to work only a total of 7.5 hours per day. And because 20 C.F.R. § 404.1545(a) and SSR 96-8p require that a claimant be able to work a schedule equivalent to 8 hours per day, 5 days per week, in order to be found non-disabled, Plaintiff contends that the ALJ's RFC is inconsistent with a finding of non-disability.

Plaintiff misapprehends the nature of the regulations and rulings defining "sedentary" work. The relevant regulation provides that, "[a]lthough a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). "Occasionally" is defined by Social Security Ruling 96-9p as "occurring from very little up to one-third of the time, and would generally total *no more than* about 2 hours of an 8-hour workday. Sitting would generally total about 6 hours of an 8-hour workday." *Titles II & XVI: Determining Capability to Do Other Work—Implications of A Residual Functional Capacity for Less Than A Full Range of Sedentary Work*, 1996 WL 374185,

5

at *3, SSR 96-9p (S.S.A. July 2, 1996) (emphasis added).  This ruling in no way limits sedentary work to those jobs requiring no more than six hours of sitting.  To the contrary, SSR 96-9p suggests that sedentary work should involve six hours of sitting per day *at minimum*, such that walking and standing make up *no more than* two hours per day.  Consistently, the VE testified that a hypothetical individual with Plaintiff's RFC, including the ability to stand or walk for no more than 1.5 hours in an 8-hour workday, could perform sedentary jobs available in significant numbers in the national economy.  (*See* R. 66–68, citing addresser, DOT 209.587-010, 100,000 jobs in the national economy; document preparer, DOT 249.587-018, 50,000 jobs in the national economy; call-out operator, DOT 237.367-014, 44,000 jobs in the national economy.)  The VE further expressly testified that someone who could stand or walk for less than two hours could perform sedentary work:

> The DOT defines sedentary work as standing or walking intermittently for up to two hours.  Not necessarily two hours, but a maximum of two hours. . . . These jobs are sedentary and the essential duties can be performed primarily from a seated position for most of the work shift.

(R. 68.)[3]  As a result, there is no inconsistency between the ALJ's RFC, SSR 96-8p's requirement that non-disabled claimants must be able to work a schedule equivalent to 8 hours a day, 5 days a week, or the ALJ's non-disability finding.  The undersigned therefore finds no error in the ALJ's determination that Plaintiff is not disabled.

---

[3] The VE's testimony constitutes substantial evidence supporting the ALJ's finding of non-disability.  *See* 20 C.F.R. § 404.1566(e) (permitting an ALJ to use the services of a vocational expert to determine whether a claimant can perform specific occupations); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010) (vocational expert's testimony can serve as substantial evidence in support of the conclusion that a claimant can perform other work, so long as the vocational expert is presented with an accurate portrayal of a claimant's physical and mental impairments).

## V. DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits.  For the foregoing reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE